## No. 13,106.

VICK ROY *v.* GENERAL OUTDOOR ADVERTISING COMPANY.
(22 P. [2d] 642)

Decided May 22, 1933.

Mr. F. J. Knauss, for plaintiff in error.

Mr. John H. Reddin, Mr. J. F. Little, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as plaintiff and defendant in error as the company.

This suit was begun in a justice of the peace court by plaintiff to recover rent. He had judgment there and the company appealed. In the county court the cause was tried to a jury and the company had judgment on the verdict. To review that judgment plaintiff prosecutes this writ.

By written lease dated March 1, 1928, plaintiff leased to the company for ten years, at $50 per month, the roof of a building to be used for the display of advertising. One provision of this lease read: ''The tenant reserves the right to cancel this lease by giving 60 days written notice to the landlord, in case the view of the advertising displays becomes obstructed.'' October 1, 1931, the following notice was served upon plaintiff: ''This is to notify you that the view of the advertising displays upon said leased premises has become obstructed, and the undersigned tenant hereby cancels said lease, and such cancellation shall become effective 60 days after the delivery to you of this written notice of cancellation.''

The ''obstruction'' complained of was that caused by the growth of nearby trees. The cause was tried in the county court March 3, 1932, and the jurors inspected the premises.

The only alleged errors, argued and requiring consideration, may be thus briefly summarized: (1) The refusal of requested instructions 2 and 4; (2) the admission of evidence concerning ''advertising value'' of the leased premises; (3) the alleged unwarranted and prejudicial interference of the trial judge; (4) the insufficiency of the evidence to support the verdict.

1. By requested instructions 2 and 4 the jurors were told that the ordinary growth of trees, planted and growing when the lease was executed, could not be considered ''obstructions.'' This would have been an invasion of the province of the jury. The question was one of fact. The meaning of the word must be gathered from the use to which the leased property was to be put, the location of those to whom the advertising was addressed, and other material facts and circumstances in the light of which the parties must have employed the term. If this advertising was admittedly to be addressed only to airplane passengers no lateral interference would be material. If addressed only to pedestrians passing on a sidewalk fifty feet in front of the building, then any new

growth permitted on that area, which would conceal the advertising from those pedestrians, would be covered by the term "obstructions" as used in the lease.

2. Evidence was admitted, over plaintiff's objection, as to that portion of the public intended to be reached by the advertising in question, the accessibility thereof, comparative values, objections of patrons to the alleged obstructions, etc. Little, if any, of this was objectionable, and that clearly not prejudicial. Some of it should be considered expert, and the remainder material and necessary to enable the jurors to understand what the parties had in mind when they used the word "obstructions." Certain photographs of trees, buildings, traffic lanes, etc., were also introduced over plaintiff's objections. Any possible error therein must be held cured by the jurors' inspection of the objects and localities.

3. A witness stated that the advertising could not be seen from a given spot "because of the top of the automobile." The judge remarked that this was not an obstruction complained of. To a question restated by counsel for the company the judge answered, "All right." A witness stated that there was an obstruction. The judge asked, "What is it, the trees?" A witness was attempting, over objection, to testify that advertising patronage was lost by reason of the alleged obstructions, when the judge said, "I think you can answer this question that advertisers refused to take the billing on these boards in view of those obstructions." The judge himself put a similar question to a witness who was so testifying. Such is the alleged erroneous conduct of the court. We think the objections thereto undeserving of serious consideration.

4. It is said that the verdict is against the *weight* of the evidence. If it is sufficient to support the verdict, as we doubt not it is, its weight was for the jurors. They were fully informed, by the testimony, of the circumstances under which the lease was executed, the purpose to which the parties thereto understood the

578

premises were to be devoted, the location of that portion of the public to be reached by the advertising, what would, and what would not, interefere with the use intended, conditions at the date of the lease and the date of its cancellation; and in aid and interpretation of all this they visited and inspected the premises and surroundings on or about the third of March, a season most advantageous for plaintiff because of the absence of foliage. After all is said this entire case simmers down to a question of findings of fact on conflicting evidence. It is probably one of those cases where this court would have reached a conclusion contrary to that arrived at by the jurors, but certainly one in which we are not at liberty to substitute our findings for theirs.

Both parties rely on *Thomas Cusack Co. v. Pratt*, 78 Colo. 28, 239 Pac. 22, 44 A. L. R. 55. Since the act there complained of, and which we held amounted to eviction, was the act of the landlord himself, against which an implied covenant for quiet enjoyment protected the tenant, it would seem to throw little light on the interpretation of the present lease. Approaching the question from one direction, however, it is probably controlling. We there said, p. 34, that "any act of the lessor by which his tenant is deprived of the enjoyment of the whole or a material or substantial part of the demised premises, * * * amounts in law to an eviction." If the trees here in question had been owned by plaintiff, and he had expressly contracted not to permit them to so grow as to interfere in any way with a view of the advertising from any highway from which it was visible, there would be no escape, in the light of the Cusack case, from an affirmance of this judgment. When the company reserved the right to cancel "in case the view of the advertising *becomes* obstructed" it extended the privilege beyond the acts of plaintiff to include every material obstruction caused by the action or inaction, of any other person.

Finding no reversible error in the record the judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.